# UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

## WESTERN DIVISION

FILED BY _____ D.C.

05 JUN 17 PM 4: 42

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

U.S.A. vs. **TERRY BOWEN**

Docket No. **2:02CR20191-001**

### Petition on Probation and Supervised Release

COMES NOW_____ FREDDIE  MCMASTER II _____PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Terry Bowen who was placed on supervision by the Honorable Bernice B. Donald sitting in the Court at Memphis, TN on the 26th day of June, 2003 who fixed the period of supervision at two (2) years*, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse.

The defendant shall seek and maintain full-time lawful employment.

*Term of Supervised Release began July 18, 2004.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Please see attached sheet

**PRAYING THAT THE COURT WILL ORDER** a Warrant be issued for Mr. Bowen to appear before the Honorable Bernice B. Donald to answer charges of violation of Supervised Release.

Bond:_____

### ORDER OF COURT

Considered and ordered this 17th day of June, 200 5 and ordered filed and made a part of the records in the above case.

_____
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 15, 2005

_____
Freddie McMaster II
U.S. Probation Officer

Place:      Memphis, Tennessee

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 6-20-05

71

Bowen, Terry
Docket No. 2:02CR20191-001

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall not commit another federal, state, or local crime.**

On June 10, 2005, Mr. Bowen was arrested and charged by the Memphis Police Department on a warrant issued June 7, 2005, for Possession with Intent to Sell a Controlled Substance, to wit: Crack Cocaine. On April 6, 2005, the Memphis Police Organized Crime Unit was conducting undercover operations utilizing a detective as the decoy buyer. The detective approached an unknown individual and asked to buy ten dollars of crack cocaine. The suspect and detective entered a residence at which time .5 grams of crack cocaine was purchased. When the take down signal was given, the suspect ran out the back door and avoided capture. On May 24, 2005, the unknown suspect was discovered to be Terry Bowen after the officer involved determined Bowen's identification through his driver's license. This case is set for a preliminary hearing September 1, 2005, in Shelby County General Sessions Court.

**The defendant shall refrain from any unlawful use of a controlled substance and the defendant shall not possess a controlled substance.**

Mr. Bowen used a controlled substance as evidenced by positive screens for marijuana on September 24, 2004, and cocaine on January 28, 2005.

# VIOLATION WORKSHEET

1. Defendant _____ Terry Bowen _____ 1216 Keel Memphis, TN 38107

2. Docket Number (Year-Sequence-Defendant No.) _____ 2:02CR20191-001

3. District/Office _____ Western District of Tennessee (Memphis)

4. Original Sentence Date

| 06 | 26 | 03 |
|---|---|---|
| month | day | year |

*(If different than above):*

5. Original District/Office _____

6. Original Docket Number (Year-Sequence-Defendant No.) _____

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| New criminal conduct: Possession with Intent to Sell Cocaine | A |
| Usage of a controlled substance (marijuana & cocaine) | B |
| | |
| | |
| | |
| | |

8. Most Serious Grade of Violation (see §7B1.1(b)) — A

9. Criminal History Category (see §7B1.4(a))74 — VI

10. Range of imprisonment (see §7B1.4(a)) — 33-41 months*

*Being originally convicted of a Class C felony, the statutory maximum term of imprisonment is 24 months; 18 U.S.C. §3583(e)(3).

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

{ } (a)If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.

{ } (b)If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.

{ } (c)If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

**Defendant** ___Terry Bowen___      **Docket #2:02CR20191-001**

**12.     Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____N/A_____          Community Confinement _____N/A_____

Fine ($) _____N/A_____                  Home Detention _____N/A_____

Other _____N/A_____                     Intermittent Confinement _____N/A_____

**13.     Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____N/A_____ to _____N/A_____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

**14.     Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**15.     Official Detention Adjustment {see §7B1.3(e)}:** months _____ days _____

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 71 in case 2:02-CR-20191 was distributed by fax, mail, or direct printing on June 20, 2005 to the parties listed.

John Thomas Tibbetts
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT